IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOMINIC JOSEPH ABBOTT, <br>                             Plaintiff, <br>    vs. <br> BUTLER COUNTY CONVICTION <br> CR-1080/C.A. 2126 OF 2003; <br> PENNSYLVANIA DEPARTMENT OF <br> CORRECTIONS; S.C.I. GRATERFORD, <br>                           Defendants. | ) <br> ) <br> ) Civil Action No. 13-205 <br> ) <br> ) Judge Nora Barry Fischer/ <br> ) Magistrate Judge Maureen P. Kelly <br> ) <br> ) <br> ) <br> ) <br> ) |

## **REPORT AND RECOMMENDATION**

**I. RECOMMENDATION**

It is respectfully recommended that, to the extent the present case is construed as a civil rights action, the case be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act, for failure to state a claim upon which relief can be granted. To the extent that the case is construed as a habeas petition, it should be dismissed, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as a second or successive habeas petition.

**II. REPORT**

On February 7, 2013, Dominic Joseph Abbott ("Abbott") filed what he entitled as a "Motion for Preliminary Injuction [sic] Restraining Defendants from Official Act of Oppression, and Request for an Evidentiary Hearing Concerning Final Order of Court from Butler County Courthouse Dated Twenty Ninth Day of January 2013 Serving as Notice of Appeal Interlocutory Appeal" (the "Preliminary Injunction Motion"). ECF No. 1 (capitalization and underlining changed). In the caption of the Preliminary Injunction Motion, Abbott named the following

Defendants: 1) Butler County Conviction CR-1080 / C.A. 2126 of 2003; 2) the Pennsylvania Department of Corrections, SCI-Graterford, and 3) the Pennsylvania Board of Probation and Parole. On February 11, 2013, Abbott filed a "Motion for Arrest of Judgement [sic] Order in Conjunction with Requested Restraining Order in Regards to Constitutional Error Prejudicing Petitioner the Right to Redress" (the "Motion for Arrest of Judgment"). ECF No. 2.

By these filings, Abbott is clearly attacking the validity of his convictions for Aggravated Assault and Simple Assault. To the extent that Abbott intended to file a civil rights action, it is dismissible pre-service by the doctrine announced in Heck v. Humphrey 512 U.S. 477 (1994). To the extent that Abbott intended by these filings to file a habeas petition, the present filings would be dismissible pre-service because such a habeas petition would constitute a second or successive habeas petition over which this Court lacks jurisdiction. In either case, this civil action is dismissible pre-service.

**A. BACKGROUND**

At the time of the initiation of this civil action, Abbott was a prisoner at the State Correctional Institution in Graterford, Pennsylvania ("SCI-Graterford").

The Preliminary Injunction Motion that Abbott filed to initiate this action consists of two pages. On the first page, Abbot merely lists the defendants and attaches his signature. The second page of the Preliminary Injunction Motion merely consists of a certificate of service, indicating that Abbott served the defendants via first class mail. ECF No. 1 at 2. There are no allegations of fact or arguments contained in the Preliminary Injunction Motion.

In the Motion for Arrest of Judgment, Abbott complains of being "[u]nlawfully [r]estrained within the confinements [sic] of an ILLEGAL SENTENCE." ECF No. 2 at 1. More specifically, Abbott complains of "ERRONEOUS JURY INSTRUCTIONS (failure of the

court to notify the jury of its' [sic] inability to convict Petitioner on both Aggravated and Simple Assault)[.]" Id. (emphasis deleted). Lastly, Abbott acknowledges that he is currently serving a sentence of 84 to 200 months for the Aggravated Assault and Simple Assault convictions. Id.

Service upon the Defendants has not been effectuated yet.

### B. APPLICABLE LEGAL PRINCIPLES TO CIVIL RIGHTS ACTIONS

To the extent that this case can be construed as a civil rights action, then the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), applies. In the PLRA, Congress adopted major changes affecting civil rights actions brought by prisoners in an effort to curb the increasing number of frivolous and harassing lawsuits brought by persons in custody. The PLRA permits courts to screen complaints filed by prisoners and dismiss them before they are served if the complaints fail to state a claim or are frivolous or malicious. See Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996). Because Abbott is a prisoner who sues government entities or employees, the screening provisions of the PLRA apply. See 28 U.S.C. § 1915A, ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. . . . On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted").

In performing the Court's mandated function of *sua sponte* review of complaints under 28 U.S.C. § 1915A to determine if they fail to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012)

3

("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

In reviewing complaints as mandated by 28 U.S.C. § 1915A and in applying the standards applicable to a 12(b)(6) motion to dismiss, the complaint must be read in the light most favorable to the plaintiff and all well-pleaded, material allegations of fact in the complaint must be taken as true. See Estelle v. Gamble, 429 U.S. 97 (1976). Furthermore, because Abbott is pro se, courts accord an even more liberal reading of the complaint, employing less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519 (1972).

C. DISCUSSION

### 1. If Construed as a Civil Rights Action, Heck Requires Dismissal of this Action.

Taking all inferences in favor of Abbott, what he appears to be complaining of in the Preliminary Injunction Motion and the Motion for Arrest of Judgment is that his conviction is illegal and so his judgment of sentence should be vacated. Because such allegations necessarily call into question the validity of his sentence/incarceration, Heck v. Humphrey, 512 U.S. 477 (1994) bars the present civil rights action as long as Abbott's sentence and/or incarceration remain undisturbed. Hence, the Heck doctrine requires that the case be dismissed.

In Heck, a state prisoner convicted of voluntary manslaughter brought a civil rights action against prosecutors and a police investigator, asserting that the defendants, acting under color of state law had engaged in an unlawful, unreasonable and arbitrary investigation, leading to Heck's arrest; had knowingly destroyed evidence that could have proven Heck's innocence and caused an illegal voice identification procedure to be used at his state trial. Heck, 512 U.S. at 479. The United States Supreme Court rebuffed such an effort and held as follows:

4

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Heck 512 U.S. at 486-87 (footnote omitted).

In this case, it is clear that if Abbott were successful in any of his claims, his success would inevitably have the result of impugning his conviction, hence, he is barred by Heck, unless or until he has met the conditions of Heck, to wit, that his conviction has been called into question by either being "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus" or something analogous thereto.

Accordingly, because Abbott seeks to challenge the validity of his conviction and he has not alleged that the requirements of Heck have been satisfied,[1] this action should be dismissed for failing to state a claim upon which relief can be granted.

---

[1] See, e.g., Royal v. Durison, 254 F. App'x 163, 165 (3d Cir. 2007) ("Royal does not allege that his prior proceedings were favorably terminated, and therefore he must show that success on the instant claim would not necessarily 'demonstrate the invalidity' of his incarceration in a legally cognizable manner."); Baskett v. Papini, 245 F. App'x 677, 678 (9th Cir. 2007) ("The district court properly dismissed Baskett's section 1983 action as *Heck*-barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to allege that his sentence has been invalidated."); Mitschell v. Donald, 213 F. App'x 920, 922 (11th Cir. 2007) (affirming the district court's dismissal for failure to state a claim under Heck, where "[t]he district court concluded that, under *Heck*, Mitschell was not entitled to money damages because he failed to allege any facts showing that his imprisonment sentence was successfully vacated."); Clay v. Brown, 151 F.3d 1032 (Table), 1998 WL 516794, at * 2 (7th Cir. 1998)(court affirmed dismissal for failure to state a claim under Heck, "[b]ecause Clay does not allege that his conviction has been reversed or otherwise called into question as articulated by *Heck*, he may not seek damages for any violation of his right against self-incrimination."). See also Avery v.

(…footnote continued on next page)

## 2. If Construed as a Habeas Petition, this Action Must Be Dismissed as Successive.

To the extent that Abbott intended by his filings to initiate a Habeas Petition by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"), the Petition should be dismissed prior to being served pursuant to Rule 4 of the Rules Governing Section 2254 Cases because it is second or successive within the meaning of 28 U.S.C. § 2244(b).

### a. Rule 4

Rule 4 of the Rules governing Section 2254 cases ("Rule 4") and hence, the instant action, when construed as a habeas petition, provides in relevant part that:

> The clerk must promptly forward the [Section 2254 habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D.Tex. Jan. 8, 2002)(in a Rule 4 case, the court took judicial notice of its own records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C

---

Nicol, 208 F.3d 212 (Table), 2000 WL 282903, at*2 (6th Cir. 2000) ("The plaintiff bears the burden of showing that his claims are not barred by *Heck*.").

1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . ."). Accordingly, in deciding this Petition, this Court takes judicial notice of the record in a prior habeas petition filed by Abbott, namely, Abbott v. Butler County Court of Common Pleas, No. 2:08-cv-1310 (W.D. Pa. ECF No. 16-1 at 1 (showing that the conviction being challenged therein was the conviction obtained at Common Pleas Docket No. 2126-2003, which is the same conviction being challenged herein)) ("the 2008 Petition").

### b. The Petition is Second or Successive.

It is clear from his initial filings that Abbott seeks to attack the validity of his 2004 convictions for Aggravated Assault and Simple Assault which were obtained in the Butler County Court of Common Pleas, and which he previously attacked by means of the 2008 Petition. However, "[t]he only way a defendant may collaterally attack his conviction, while he is in custody, is by filing a petition for habeas corpus." U.S. v. Han Huang, No. 05-80869-7, 2008 WL 5235963, at *1 (E.D.Mich., Dec. 15, 2008). See also Foster v. Berghuis, No. 1:07-cv-950, 2008 WL 4426337, at *1 (W.D.Mich., Sept. 26, 2008) ("The only recognized way for Plaintiff to attack the validity of his state conviction is by a petition for habeas corpus relief."). Hence, given that Abbott is apparently attacking his 2004 state court convictions for Aggravated Assault and Simple Assault, it would be appropriate to construe the present action as a habeas petition. However, because the 2008 Petition was decided "on the merits", the present action,

7

construed as a habeas petition would constitute a second or successive habeas petition within the meaning of 28 U.S.C. § 2244(b)(3)(A).

Congress provided in 28 U.S.C. § 2244(b)(3)(A) that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." The allocation of these gatekeeping responsibilities to the Court of Appeals provided by Section 2244(b)(3)(A), has essentially divested the District Courts of subject matter jurisdiction over habeas petitions that are second or successive within the meaning of that subsection. See, e.g., Robinson v. Johnson, 313 F.3d 128, 140 (3d Cir. 2002)("From the district court's perspective, it [i.e., Section 2244(b)(3)(A)'s gatekeeping assignment to the Courts of Appeals] is an allocation of subject-matter jurisdiction to the court of appeals."). Accordingly, Abbott would need the permission of the United States Court of Appeals for the Third Circuit before he could file the instant petition here.

Simply put, Abbott is now challenging the very same conviction that he challenged in the 2008 Petition. Because the Court dismissed the 2008 Petition for having procedurally defaulted the claims raised therein or for having failed to show entitlement to relief under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), the 2008 Petition was denied "on the merits" within the contemplation of the AEDPA's second or successive jurisprudence. United States v. Fake, 416 F.App'x 134, 136 (3d Cir. 2011) ("The claims in Fake's original § 2255 motion were denied as procedurally defaulted or meritless. The denial of a claim for habeas relief as procedurally defaulted constitutes a determination on the merits."). See also Carter v. United States, 150 F.3d 202, 205-06 (2d Cir. 1998) (since denial of first petition on grounds of procedural default "constitutes a disposition on the merits," that disposition "thus renders a

subsequent [habeas or § 2255 petition] 'second or successive' for purposes of the AEDPA"); In re Cook, 215 F.3d 606, 607-08 (6th Cir. 2000); Upsher v. Goode, No. Civ.A. 04-1707, 2006 WL 2662724, at *4 (W.D.Pa. Sept. 14, 2006) ("A dismissal of a habeas petition based upon procedural default constitutes a disposition on the merits and renders a subsequent petition . . . 'second or successive' and subject to Section 2244(b)(3)(A)'s gatekeeping provisions."). Hence, there is no doubt that the instant Petition is "second or successive" within the meaning of the AEDPA and, therefore, Abbott is required to seek permission of the United States Court of Appeals for the Third Circuit in order to file the Petition here.

Because Abbott has not shown that he has obtained the requisite permission from the United States Court of Appeals for the Third Circuit, the instant Petition must be dismissed because this Court lacks subject matter jurisdiction over this second or successive Section 2254 habeas petition. See Acosta v. Artuz, 221 F.3d 117, 122 n.3 (2d Cir. 2000) ("the portion of Section 2244 dealing with abuse of the writ changed previous law by shifting the burden from the government to the petitioner to plead that a habeas petition 'was not abusive, at least insofar as the petitioner now must demonstrate ... that any new claims could not have been raised in a prior petition because they rely on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.'").[3]

---

[3] While it is Abbott's burden to show that he sought and received permission from the Court of Appeals to file a second or successive Section 2254 habeas petition in this Court, and he has failed to carry that burden and this is sufficient to recommend dismissal of the instant petition, this Court takes judicial notice of the computerized dockets of the Court of Appeals, which do not show that Abbott has sought or received from that Court permission to file this second or successive petition. Therefore, the Petition must be dismissed because this Court lacks subject matter jurisdiction over such second or successive petitions. Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002)("'[w]hen a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

Abbott invokes Martinez v. Ryan, 132 S.Ct. 1309 (2012), ECF No. 2 at 1, which held that ineffective assistance of post-conviction counsel can serve as cause to excuse a procedural default. However, Abbott's invocation of Martinez v. Ryan, does not rescue the present Petition from being second or successive. Martinez did not alter, nor purport to alter, the applicable rules regarding second or successive habeas petitions which are permitted by statute only when the claim raised in the second habeas petition relies upon: 1) a new rule of constitutional law made retroactive to cases on collateral review by the United States Supreme Court, or 2) a factual predicate that could not have previously been discovered and that would render no reasonable factfinder capable of finding the habeas petitioner guilty. 28 U.S.C. § 2244(b)(2). See also Buenrostro v. U.S., 697 F.3d 1137, 1139 (9th Cir. Oct. 9, 2012) ("*Martinez* cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law."). Even if Abbott contended that Martinez did satisfy the requirements of Section 2244(b)(2), that is a contention that Abbott would have to present, in the first instance, to the United States Court of Appeals for the Third Circuit, seeking from the Court of Appeals, permission to file a second or successive habeas petition in this Court and not a contention that he could raise in this Court in the first instance.

Accordingly, to the extent that the current action is construed as a habeas petition, the case must be dismissed because this Court lacks subject matter jurisdiction over this second or successive habeas petition. A Certificate of Appealability should be denied because reasonable jurists would not find it debatable that the present action is second or successive.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.[1]

April 9, 2013

s/Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc: The Honorable Nora Barry Fischer
United States District Judge

Dominic Joseph Abbott
GB-5800
SCI Graterford
P.O. Box 244
Graterford, PA 19426-0244

---

[1] Abbott may clarify in any objections that he may file how he wants this case to be treated, either as a civil rights action or as a habeas corpus petition.